UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JONATHAN DALE BLANKENSHIP, #115012                          PLAINTIFF

VERSUS                                CIVIL ACTION NO. 3:13-cv-274-CWR-LRA

LAWRENCE MACK AND CARLYNN WALKER                            DEFENDANTS

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Blankenship, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendants are Warden Lawrence Mack and Lieutenant Carlynn Walker. Upon liberal review of the Complaint and Response, the Court has reached the following conclusions.

I.     **Background**

In January of 2013, Plaintiff was found guilty of a prison rule violation report (RVR #01332063) for possession of major contraband (a cell phone). Plaintiff states that as punishment for this disciplinary conviction he was removed from trusty status, that he lost 180 days of earned time, and that his prison privileges were restricted for 60 days. Resp. [9] at 1. Plaintiff's appeal of the RVR and resulting punishment was denied.[1]

Plaintiff asserts various complaints regarding the RVR and disciplinary process which he claims violates MDOC policy and his constitutional rights. Specifically, Plaintiff argues that he was not given a chance to sign the RVR or "to put witnesses on [the] RVR", thus it was incomplete and

---

[1]Plaintiff has attached a copy of Warden Mack's response denying his appeal (via the MDOC administrative remedy program) of the RVR and resulting punishment. *See* Doc. [1] at 8.

contained numerous errors.  Compl. [1] at 4-5.  Plaintiff complains that the disciplinary hearing officer "would not give [him] a chance to speak at all" in his defense, but then he states that he "pointed all this out at [the] hearing . . . but was still found guilty." *Id.* Plaintiff also complains that despite these errors, Warden Mack failed to overturn the guilty finding when he denied Plaintiff's appeal of the disciplinary action via the prison administrative remedy program.  As relief, Plaintiff is requesting monetary damages, reinstatement of his trusty status, and expungement of the disciplinary proceedings from his prison record which would presumably result in the restoration of his lost earned time.

## II.    Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious."  *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success."  *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff Blankenship to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Habeas Corpus Claims

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983.  *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration.

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);  *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement").  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

The restoration of 180 days of earned time or sentence credits to an inmate would result in the inmate receiving an accelerated release from incarceration.[2]  As such, Plaintiff must pursue his request for the restoration of his earned time through a petition for habeas corpus relief.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(finding inmate "cannot . . . recover good-time credits lost in a prison disciplinary proceeding" in a § 1983 civil action).  Therefore, Plaintiff's habeas corpus claims for the restoration of 180 days of earned time will be dismissed from this § 1983 case, without prejudice.

## B.  Section 1983 Claims

Initially, the Court notes that trusty status is a classification or custody level within MDOC. *See* Miss. Code Ann. §47-5-138.1 (trusty status is defined by the classification board of the Department of Corrections).  An inmate does not have a constitutionally protected interest in his

---

[2]"[A]n inmate may receive an earned time allowance . . . for each thirty days served if the department [MDOC] determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program." Miss.Code Ann § 47-5-138 (5).  Furthermore, as explained by the Mississippi Supreme Court, "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007) (citing Miss.Code Ann. § 47-5-138.1).

custodial classification. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999). Therefore, Plaintiff does not have a constitutional right to be placed in trusty status. *See McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(finding classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention"). Nor is an inmate entitled to constitutional protections when his prison privileges are restricted as punishment for a disciplinary violation. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997)(finding restriction on prison privileges is merely a change in the conditions of an inmate's confinement). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002)(finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)(holding inmate has no constitutional right to visitation privileges). In sum, Plaintiff does not have a constitutionally protected right to a particular classification level, like trusty status, or privileges associated with a particular custody level while in prison.

Furthermore, as set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement." *Clarke*, 154 F.3d at 189 (internal quotations omitted)(citing *Heck*, 512 U.S. at 486-87). A prison disciplinary decision that results in a change to the prisoner's sentence is considered a conviction for purposes of *Heck*. *Id.*

4

Therefore, a prisoner's claims for declaratory relief and money damages based on alleged defects in his disciplinary process are barred by the *Heck* doctrine because such claims would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648.

If the Court were to find in Plaintiff's favor and determine that his prison disciplinary conviction was invalid and should be expunged, it would "necessarily imply the invalidity of the punishment imposed," meaning it would necessarily imply the invalidity of Plaintiff's loss of 180 days of earned time. *Id.* Since the rule set forth in *Heck v. Humphrey* and *Edwards v. Balisok* apply to Plaintiff's claims, he must demonstrate that his disciplinary conviction has been invalidated as a prerequisite for this case to proceed under § 1983. Plaintiff states that his disciplinary action has not been invalidated.[3] As such, the Court finds that Plaintiff's § 1983 claims for money damages and expungement of his disciplinary conviction are not cognizable at this time. *See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011)(finding dismissal under *Heck* and *Edwards* of inmate's § 1983 complaint seeking expungement of adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007)(holding inmate does not have protected liberty interest in filing grievances). As such, Plaintiff's claims related to how his grievance was handled by Defendant Mack are frivolous. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied

---

[3]Plaintiff was ordered to specifically state if the complained of RVR has been invalidated by any of the means set forth in *Heck*. *See* Order [8]; Resp. [9].

adequate investigation into his grievance was properly dismissed as frivolous); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

As a final point, the Court finds that Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

## III.    Conclusion

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983 case without prejudice.[4]  Plaintiff's § 1983 claims are dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).  The dismissal of Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

Since Plaintiff's § 1983 claims are dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, this dismissal will be counted as a "strike."[5]  If Plaintiff receives

---

[4]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[5]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

"three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 27th day of August, 2013.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."